IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CAREY T. DUNN,<br><br>    Plaintiff,<br><br>v.<br><br>Sheriff MATTHEW MOULTON,<br>*et al.*,<br><br>    Defendants. | Case No. 5:25-cv-00341-TES-CHW<br><br>Proceedings Under 42 U.S.C. §1983<br>Before the U. S. Magistrate Judge |

### ORDER

*Pro se* Plaintiff Carey Dunn, a prisoner in the Houston County Detention Center in Perry, Georgia has filed a 42 U.S.C. § 1983 complaint. ECF No. 1. Plaintiff requests leave to proceed *in forma pauperis* ("IFP"). ECF No. 3. Plaintiff's motion to proceed IFP is **GRANTED** as explained below. Plaintiff must now recast his complaint to comply with the Federal Rules of Civil Procedure and to state a claim for which relief may be granted.

### MOTION FOR LEAVE TO PROCEED IFP

Plaintiff seeks leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). ECF No. 3. As it appears Plaintiff is unable to pay the cost of commencing this action, his application to proceed IFP is hereby **GRANTED**. However, even if a prisoner is allowed to proceed IFP, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited

from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. *See* ECF No. 6. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

I. Directions to Plaintiff's Custodian

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The clerk of court is **DIRECTED** to send a copy of this Order to the business manager of the facility in which Plaintiff is incarcerated so that withdrawals from his account may commence as payment towards the filing fee. It is **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the

granting of judgment against him prior to the collection of the full filing fee.

    II.    <u>Plaintiff's Obligations Upon Release</u>

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA. Thus, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated. The Court hereby authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law in the event Plaintiff is released from custody and fails to remit such payments. Plaintiff's complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

**INITIAL REVIEW OF PLAINTIFF'S COMPLAINT**

In accordance with the Prison Litigation Reform Act, the district courts are obligated to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A.

Plaintiff has filed a complaint that contains numerous vague and unrelated claims against multiple defendants. *See* ECF No. 1. Plaintiff has failed to comply with Rule 10(b) of the Federal Rules of Civil Procedure which require that a party must state its claims in paragraphs limited to a single set of circumstances. Plaintiff has further run afoul of Rule 8 of the Federal Rules of Civil Procedure, which requires a civil complaint filed in this Court to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks."

3

All of Plaintiff's various claims are void of sufficient factual detail to state a claim for relief. Although a complaint need not include detailed factual allegations, a plaintiff is required to provide more than mere "labels and conclusions," and the factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing *Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980)) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."); *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986); *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1983) (citations omitted) (stating there must be proof of an affirmative causal connection between the actions taken by a particular person 'under color of state law' and the constitutional deprivation"). "[N]aked assertion[s]" devoid of "further factual enhancement" cannot suffice to meet the Rule 8 pleading standard and a plaintiff must assert more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" in order to state a valid claim. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 557).

In short, Plaintiff's pleading is a typical shotgun pleading. *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (citations omitted). The leniency afforded to *pro se* litigants does not permit them to file an impermissible shotgun pleading. *Id.* "A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both." *Jeloudov v. Snyder*, No. 21-12392, 2022 WL 3492601, at *4 (11th Cir. Aug. 18, 2022). In such a pleading, "it is

4

virtually impossible to know which allegations of fact are intended to support which claim(s) for relief". *Nurse v. Sheraton Atlanta Hotel*, 618 F. App'x 987, 990 (11th Cir. 2015) (citing *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.,* 77 F.3d 364, 366 (11th Cir.1996). "Such pleadings divert already stretched judicial resources into disputes that are not structurally prepared to use those resources efficiently." *Wagner v. First Horizon Pharm. Corp.,* 464 F.3d 1273, 1279 (11th Cir.2006). The Eleventh Circuit has identified four categories of shotgun pleadings: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts"; (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that fails to "separate into a different count each cause of action or claim for relief"; and (4) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1321-23. The unifying trait among the categories is that a plaintiff fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id*. at 1323; *see also Nurse*, 618 at 990 (citing *Anderson*, 77 F.3d at 366) (finding that a shotgun pleading presents conditions where "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief[.]"). The use of shotgun pleadings by litigants has been repeatedly condemned for "imped[ing] the administration of the district courts' civil docket." *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n. 4 (11th Cir. 2010) (citations omitted) (finding that a "district court, faced with a crowded

5

docket and whose time is constrained by the press of other business, is unable to squeeze the case down to its essentials"); *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294-95 (11th Cir. 2018) (alterations in original) (quoting *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979–80 & n.54 (11th Cir. 2008)) ("Shotgun pleadings 'waste scarce judicial resources,' 'inexorably broaden[ ] the scope of discovery,' 'wreak havoc on appellate court dockets,' and 'undermine[ ] the public's respect for the courts.'"). Therefore, the Eleventh Circuit has "condemned shotgun pleadings for decades" and upheld their dismissal by the district courts. *Nurse*, 618 F. App'x at 990; *see also Davis* 516 F.3d at 980 n. 54 ("[S]ince 1985 we have explicitly condemned shotgun pleadings upward of fifty times.").

Moreover, a plaintiff may not join unrelated claims and defendants in a single action. *See generally* Fed. R. Civ. P. 20. A plaintiff may join defendants in one action only if one asserts "any right to relief . . . against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20(a)(1)(A)-(B). "Whether multiple claims arise from the same transaction, occurrence, or series of transactions or occurrences depends on whether a 'logical relationship' exists between the claims. *Rhodes v. Target Corp.*, 313 F.R.D. 656, 659 (M.D. Fla. 2016) (quoting *Alexander v. Fulton Cty., Ga.*, 207 F.3d 1303, 1323 (11th Cir. 2000), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003)). For there to be a "logical relationship," the claims must "arise from common operative facts." *Barber v. America's Wholesale Lender*, 289 F.R.D. 364,

6

367 (M.D. Fla. 2013) (citations omitted). Here, Plaintiff raises claims that the Sheriff has failed to respond to his writ of habeas corpus, that the jail lacks religious services and diets, that he needs a tooth pulled, and that he is confined in crowded quarters with "known sex offenders". *See* ECF No. 1 at 3-4. These claims do not meet the requirements of joinder under Federal Rule of Civil Procedure 20(a) because there are no common operative facts underlying Plaintiff's various claims against his defendants other than his allegations all involve him. Plaintiff must note that just because alleged events occur to one Plaintiff during his incarceration does not necessarily make his claims related under Rule 20. *See e.g., Skillern v. Georgia Dept. of Corrections Com'r*, 379 F. App'x 859, 860 (11th Cir. 2010). Moreover, as the Seventh Circuit stated in *George v. Smith*, 507 F.3d 605, 607 (7th Cir.2007), "[u]nrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that a [multi]-claim, [multi]-defendant suit produced but also to ensure that prisoners pay the required filing fees . . ." Thus, if Plaintiff still wants to raise claims against multiple defendants regarding a failure to respond to a writ of habeas corpus, lack of religious services, conditions of his confinement, and his dental care then he must raise these claims in separate civil actions that abide by the Federal Rules of Civil Procedure and he must address the filing fee for each civil action that he files.[1]

---

[1] Plaintiff has already initiated multiple civil actions in the Middle District of Georgia that are either currently under review or have been dismissed. *See Dunn v. Houck*, Case No. 5:25-cv-329-CAR-CHW (filed July 29, 2025); *Dunn v. Moulton*, Case No. 5:25-cv-352-CAR-CHW (dismissed Sep. 3, 2025); *Dunn v. Wilson*, Case No. 5:25-cv-364-MTT-CHW (filed Aug 27, 2025); *Dunn v. Patrick*, Case No. 5:25-cv-378-TES-CHW (filed Sep. 2, 2025). Plaintiff should take care not to duplicate civil actions.

It is not incumbent upon the Court to effectively re-write Plaintiff's complaint so that it complies with the Federal Rules of Civil Procedure or so that he states a § 1983 claim for which relief may be granted. *See GJR Invs., Inc. v. Cty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) (holding that while "[c]ourts do and should show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education," a court may not "serve as de facto counsel for a party" or "rewrite an otherwise deficient pleading in order to sustain an action"). Rather than recommending dismissal of this complaint, the Court will afford the *pro se* Plaintiff one opportunity to remedy the defects as explained herein. *See Vibe Micro, Inc.,* 878 F.3d at 1295 ("In the special circumstance of non-merits dismissals on shotgun pleading grounds, we have required district courts to sua sponte allow a litigant one chance to remedy such deficiencies").

Accordingly, Plaintiff must submit a recast complaint if he wishes to proceed. Plaintiff is cautioned that the opportunity to recast his complaint is not an invitation for him to include every imaginable claim that he may have due to his incarceration as he appears to have done in his original complaint. If Plaintiff raises unrelated claims, the unrelated claims may be dismissed, or in the alternative, this entire civil action may be dismissed for failure to follow an order of the Court. *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006); *Toenniges v. Warden*, 672 F. App'x 889, 890 (11th Cir. 2016) (per curiam) (holding that district court did not abuse its discretion in dismissing as improperly joined claims against two defendants which did not "arise out of the same transaction, occurrence, or series of transactions or occurrences, Fed. R. Civ. P. 20(a)"); *Skillern*, 379 F. App'x at 860 (holding that the

8

district court did not abuse its discretion in dismissing plaintiff's case for his failure to comply with the Court's Order and his failure to comply with Rule 20 as to improperly joined claims.).

The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a Defendant in the present lawsuit. Plaintiff is to name only the individuals associated with the claim that he is pursuing in this action. It is recommended that, when drafting his statement of claims, Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of each defendant to which the claim is attributed:

(1)   What did this Defendant do (or not do) to violate your rights? In other words: What was the extent of this Defendant's role in the unconstitutional conduct?

(2)   Is the Defendant a supervisory official[2] and if so, was he/she personally involved in the constitutional violation? If not, how did his/her actions otherwise cause the unconstitutional action? How do you know?

(3)   On what date(s) and where did each action occur?

---

[2] Plaintiff is advised that he cannot name supervisors such as Mayors, Sheriffs, Captains, and Lieutenants based solely on their official capacities and supervisory roles. Supervisory officials are not liable under § 1983 on the basis of respondeat superior or supervisory liability. Supervisors are liable under § 1983 only if they personally participate in the constitutional violation, direct their subordinates to act unlawfully, or know their subordinates will act unlawfully but fail to stop them. *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir.2010); *see also Asad v. Crosby*, 158 F. App'x 166, 170-72 (11th Cir. 2005) (affirming district court's dismissal of supervisory liability claims against two defendants because the record failed to show that they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation").

  (4) How were you injured because of this Defendant's actions or inactions?

  (5) What relief do you seek from this Defendant?

Plaintiff must thoroughly and completely answer each question presented in the Court's standard § 1983 complaint form, including but not limited to his prior litigation history and his efforts to exhaust his administrative remedies.[3]

Plaintiff is hereby notified that **one sole operating complaint** is permissible. The general rule is that an amended complaint supersedes an original complaint. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) (citations omitted); *Fritz v. Standard Sec. Life Ins.Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982). Thus, Plaintiff's amended complaint will take the place of his original complaint. In other words, the Court will not refer to the original complaint to see if Plaintiff has stated a viable claim. Accordingly, any fact Plaintiff deems necessary to his lawsuit should be clearly stated in his recast complaint, even if Plaintiff has previously alleged it in another filing. Plaintiff should state his claims as simply as possible in his recast complaint referring only to the relevant allegations against his named defendants. If Plaintiff fails to link a Defendant to

---

[3] "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This provision generally requires that a prisoner file an administrative grievance and then appeal any denial of relief through all levels of review that comprise the grievance process **before** filing suit in federal court. *Brown v. Sikes*, 212 F.3d 1205, 1207 (11th Cir. 2000) (emphasis added). Exhaustion is defined by each correctional facility's grievance procedure, not the PLRA; a prisoner must comply with his correctional facility's grievance procedure to exhaust his administrative remedies. *Jones v. Bock*, 549 U.S. 199, 218 (2007). The exhaustion requirement cannot be waived even when the grievance process is futile or inadequate. *See id*. at 211; *Porter v. Nussle*, 534 U.S. 516, 524 (2002). If Plaintiff has failed to fully exhaust his administrative remedies as to a claim, that claim is subject to dismissal.

a claim, the claim will be dismissed; if Plaintiff makes no allegations in the body of his complaint against a Defendant, that Defendant will be dismissed.

The Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified. *See* Fed. R. Civ. P. 8. Plaintiff should not otherwise use legal terminology or cite any specific statute or case law to state a claim as he has confusingly attempted to do in his original complaint. Plaintiff is not to include any exhibits or attachments. ***The recast complaint cannot be longer than ten (10) pages in its entirety***.

## CONCLUSION

Plaintiff's request to proceed IFP (ECF No. 3) is **GRANTED**. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to recast his complaint on the Court's standard § 1983 form as instructed. While this action is pending, Plaintiff must immediately inform the Court in writing of any change in his mailing address. **Failure to fully and timely comply with this Order may result in the dismissal of this Complaint.** There will be no service of process in this case until order of the Court. The **CLERK** is further **DIRECTED** to mail Plaintiff a standard § 1983 complaint form along with a copy of this Order (all showing the civil action number) for Plaintiff's use in complying with the Court's order.

So **ORDERED and DIRECTED**, this 10th day of October, 2025.

s/ Charles H. Weigle  
Charles H. Weigle  
United States Magistrate Judge